*FOR PUBLICATION*

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| HAROLD OVESON, )<br><br>      Appellant, )<br>   vs. )<br><br>PEOPLE OF THE VIRGIN ISLANDS, )<br><br>      Appellee. )<br>_____ ) | D.C Civ.App. No. 2006-0120<br><br>Super. Ct. Civ. No. 0246/2006 |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Darryl D. Donohue, Judge Presiding

Considered: September 24, 2010
Filed: April 26 2011

BEFORE: **CURTIS V. GOMEZ**, Chief Judge, District Court of the
Virgin Islands; **RAYMOND L. FINCH**, Senior Sitting Judge,
District Court of the Virgin Islands; and **ADAM G. CHRISTIAN**,
Judge of the Superior Court of the Virgin Islands, Division of
St. Thomas and St. John, sitting by designation.

Attorneys:

**Pamela L. Colon, Esq.**
St. Thomas, U.S.V.I.
        For the Appellant,


**Tiffany V. Monrose, Esq., AAG**
St. Thomas, U.S.V.I.
        For the Appellee.

---

**MEMORANDUM OPINION**

---

In this appeal, we are called upon to determine whether the Superior Court of the Virgin Islands may properly exercise jurisdiction over a petition for writ of habeas corpus filed under territorial law, concerning a conviction for territorial offenses.

## I.   FACTUAL AND PROCEDURAL POSTURE

On September 18, 1991, the Government of the Virgin Islands and the United States of America filed a third superseding indictment charging Harold Ovesen ("Appellant" or "Ovesen") with several local offenses and one federal offense. The sole federal charge against Ovesen was false declaration before a grand jury. *See* 18 U.S.C. § 1623. The local crimes included murder in the first degree, attempted murder and accessory after the fact to murder. At the time Ovesen was charged, Virgin Islands courts were still in its early phases of development, and the Superior Court[1] did not yet exercise

---

[1] At the time Ovesen was convicted, the local trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.: 2006-0120
Memorandum Opinion
Page 3

exclusive jurisdiction over local offenses. Rather, the federal United States District Court of the Virgin Islands ("District Court") sat as both a federal U.S. Court and a local territorial court that exercised exclusive, original jurisdiction over civil and criminal actions brought under both federal law, and the laws of the U.S. Virgin Islands.

Because the Superior Court did not yet have jurisdiction over the local charges against Ovesen, his case was heard by a jury in the District Court, and on October 16, 1991, he was convicted of all charges. (App. 2.)  On December 16, 1991, a District Court judge sentenced Ovesen for both the local and federal crimes.  For his federal conviction of lying to a grand jury, Ovesen was sentenced to five years imprisonment in a federal facility. For his convictions under local law, Ovesen was remanded to the Virgin Islands Bureau of Corrections and was sentenced to: life imprisonment without parole for murder; ten years for accessory after the fact to murder; and twenty-five years for attempted murder.[2] Ovesen served his federal

---

(2004).  Recognizing this renaming, we employ the term Superior Court and Territorial Court interchangeably.

[2]  The sentences for attempted murder and accessory after the fact to murder were ordered to run consecutively to each other, but concurrently to the sentence imposed for Ovesen's first degree murder conviction.

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.:  2006-0120
Memorandum Opinion
Page 4

sentence first.[3]  In 1996, after completing his federal
sentence in a U.S. penitentiary, Ovesen was transferred to the
custody of the Virgin Islands Bureau of Corrections at its
Golden Grove Correctional facility on St. Croix, where he
currently is serving his sentence for territorial convictions.

On April 25, 2005, Ovesen challenged his territorial
conviction by filing a petition for writ of habeas corpus in
the Superior Court of the Virgin Islands.[4] Ovesen's petition
invoked the Virgin Islands habeas statute at V.I. Code Ann.
tit. 5, § 1303. He alleged, *inter alia*, that his conviction
violated his Sixth Amendment Right to an impartial jury. (J.A.
3.) On August 21, 2006, the Superior Court dismissed Ovesen's
petition for lack of jurisdiction. On September 1, 2006, Ovesen
filed a timely notice of appeal.

---

[3] On October 1, 1991, the Virgin Islands legislature enacted
V.I. Code Ann. tit. 4, § 76(a) which vested original
jurisdiction over all local civil actions in the territorial
courts of the Virgin Islands.

[4] A habeas petition, although somewhat of a hybrid, is a
considered a civil action that seeks to collaterally attack a
criminal conviction. *Parrott*, 230 F.3d at 620; *Callwood v.
Enos*, 230 F.3d 627, 632 (3d Cir. 2000)(citing *Santana v. United
States*, 98 F.3d 752, 754 (3d Cir. 1996).

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.:  2006-0120
Memorandum Opinion
Page 5

## II.  ISSUES PRESENTED

The Appellant's challenge boils down to one issue: whether the Superior Court erred in its conclusion that it lacked jurisdiction over his petition for writ of habeas corpus.

## III. JURISDICTION AND STANDARD OF REVIEW

At the time that this notice of appeal was filed, this court maintained appellate jurisdiction over civil appeals arising from final decisions of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1)(Omnibus Justice Act of 2005); *see, e.g., Gabriel Joseph v. People of the V.I.*, 2008 U.S. Dist. LEXIS 107654, at *17 (D.V.I. App. Div. Dec. 9, 2008)(the Appellate Division maintains jurisdiction over all pending appeals filed prior to January 29, 2007); *see also Hypolite v. People*, 2009 WL 152319, at *2 (V.I. Jan. 21, 2009).

We exercise plenary review over decisions to dismiss an action for lack of jurisdiction. *See Parrot v. Gov't of the Virgin Islands,* 56 F. Supp. 2d 593, 594 (D.V.I. App. Div. 1999).

## IV. ANALYSIS

The Superior Court reasoned that, because Ovesen's conviction involved a federal crime it lacked jurisdiction to review his subsequent habeas petition, despite the fact that

Oveson's habeas petition solely challenged his territorial conviction, and solely invoked territorial law. Given the trial court's ruling, our only concern in this appeal is whether the Superior Court's jurisdictional determination was made in error.

A brief history outlining the unique relationship between local and federal courts in the Virgin Islands concerning habeas petitions gives context to our analysis.

**A. History**

Beginning in 1949, Congress authorized the District Court to exercise original jurisdiction over civil and criminal matters arising under both local and federal law, including all habeas proceedings.[5] *Callwood v. Enos*, 230 F.3d 627, 632 n.5

---

[5]   The District Court's power originates under Article IV, § 3, which authorizes Congress to regulate the various U.S. territories. *See Binns v. United States*, 194 U.S. 486, 491 (1904) (recognizing Congress's plenary power to define institutional relationships in territories). Congress exercises this authority through the Revised Organic Act, which serves as the Virgin Islands constitution. *See* 48 U.S.C. §§ 1541-1645 (West 1987 & Supp. 2000); *Brow*, 994 F.2d at 1032. As such, the Revised Organic Act is also the source of authority for the Virgin Islands Legislature. *See* 48 U.S.C. § 1574(a). It is through the Revised Organic Act that Congress authorizes the local legislature to grant the Territorial Court its jurisdiction. *See* 48 U.S.C. § 1611(b). Consequently, both the [Superior Court] and the District *Court* derive their respective jurisdictional grants from the same sovereign -- namely, Congress, exercising its authority under Article IV, § 3. *See, e.g., Parrott v. Gov't of the V.I.*, 230 F.3d 615, 622-623 (3d Cir. 2000)(the Virgin Islands

(3d Cir. 2000)("Since 1949 the District Court of the Virgin
Islands has had jurisdiction under 28 U.S.C. § 2255 over
petitions brought by prisoners challenging the imposition of
sentences by that court.").   In 1984 Congress authorized the
Virgin Islands legislature to enact local legislation divesting
the U.S. District Court of original jurisdiction over
territorial matters and vesting that jurisdiction in the local
Territorial Court of the Virgin Islands. *Parrott v. Gov't of
the Virgin Islands,* 230 F.3d 615, 619 (3d Cir. 2000). Congress'
1984 Amendments essentially paved the way for a bifurcated
framework of local and federal judicial review in the Virgin
Islands. *Id.*

On September 5, 1990, the Virgin Islands legislature
exercised its power under Congress' 1984 amendments when it
enacted legislation, effective October 1, 1991, that divested
the U.S. District Court of the Virgin Islands of original
jurisdiction over civil matters brought under local law,
including habeas petitions.[6] *See* V.I. Code Ann. tit. 4, § 76(a);

─────────────────────────────

District Court's power uniquely originates from Article IV,
as opposed to Article III, as most other federal courts).

[6]Effective January 1, 1994, the Virgin Islands legislature
also vested original jurisdiction in the [Superior
Court] over all local criminal actions. *See* V.I. Code Ann.
tit. 4, § 76(b)(1) & (c). However, under § 22 of the
Revised Organic Act, the District Court of the Virgin

*see also Walker v. Gov't of the Virgin Islands*, 230 F.3d 82, 85 (3d Cir. 2000)(citing *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000)(noting that to the extent that the Virgin Islands provisions vest jurisdiction in the District Court, they have been implicitly repealed)); *see also Parrott v. Gov't of the Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000)(finding that with the enactment of 4 V.I.C. § 76, the reference in section 1304 to the District Court was impliedly repealed).

The enactment of 4 V.I.C. § 76 divested the District Court of original jurisdiction over questions of purely local law. Thus, "the District Court continues to have the jurisdiction of a District Court of the United States." *United States v. Dorsett*, 162 Fed. Appx. 192, 193 (3d Cir. 2006). Where criminal matters are concerned, the United States District Court has original jurisdiction over cases arising under federal law, and limited

---

Islands retains concurrent jurisdiction with the Superior Court over criminal actions in which the local crimes charged are related to federal crimes. See 48 U.S.C. § 1612(c); *United States v. Hodge*, 211 F.3d 74, 75 n.1 (3d Cir. 2000) (noting jurisdiction of the District Court of the Virgin Islands under 48 U.S.C. § 1612 and 4 V.I.C. § 32 over prosecution of defendant for both federal and territorial crimes). Thus, as a general matter, since January 1, 1994, the Territorial Court has had jurisdiction over criminal actions that are based solely on violations of local law, subject to the limited concurrent jurisdiction of the District Court. *See also Callwood v. Enos*, 230 F.3d 627, 631 (3d Cir. 2000).

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.: 2006-0120
Memorandum Opinion
Page 9

concurrent jurisdiction over local crimes, only if a related federal crime is charged in the District Court. *See* Revised Organic Act of 1954 § 22, 48 U.S.C. § 1612. Where civil matters are concerned, the United States District Court of the Virgin Islands has the original jurisdiction of any other federal district court. *Callwood*, 230 F.3d at 631; *Brow v. Farrelly*, 994 F.2d 1027, 1034 (3d Cir. 1993).

## B. The V.I. Superior Court's jurisdiction over collateral civil habeas corpus petitions

In 2000, the Third Circuit issued *Callwood*, *Parrott*, and *Walker*, a trilogy of cases that clarified the interplay between the Superior Court and the District Court when petitioners sentenced by the District Court for purely local offenses filed habeas petitions. *Gov't of the V.I. v. Solis*, 208 Fed. Appx. 97, 99 (3d Cir. 2006). Those cases stand together for the proposition that, "habeas petitions under Virgin Islands law should be brought before the [Superior] Court. . ." *Id.* (citing *Walker*, 230 F.3d at 87).

*Parrott,* concerned a matter where the District Court exercised jurisdiction over a habeas petition, filed under local law (5 V.I.C. § 1303).[7] Parrot, the petitioner, was convicted in the District Court when it sat as a local court.

_____

[7] *Parrott* was convicted of territorial crimes in the District Court in 1976. *Parrot*, 230 F.3d 621.

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.: 2006-0120
Memorandum Opinion
Page 10

*Parrot*, 230 F.3d at 621. As such, *Parrot*, like Ovesen, was
indicted by a federal grand jury, tried and sentenced in the
federal U.S. District Court of the Virgin Islands. However,
because Parrot's petition invoked local law, the Third Circuit
held that the Superior Court was the proper forum for his
pleading. *See Parrot*, 230 F.3d at 621. The *Parrot* court held
that,

> [B]ecause [4 V.I.C.] § 76(a) operates to divest
> the District Court of jurisdiction for all civil
> actions, including habeas proceedings, we hold
> that the correct forum for Parrott's habeas
> petition under V.I. Code Ann. tit. 5, § 1303 is
> not the District Court but the [Superior] Court.

*Parrott* further explained that,

> Treating the [Superior] Court as a successor
> court. . . is consistent with Congress's objective
> to eliminate the situation in which the District
> Court and the [Superior] Court share jurisdiction
> over purely local matters. It also unifies in a
> single tribunal the review of habeas petitions
> initiated under territorial law for territorial
> law convictions.

*Parrott*, 230 F.3d at 624.

Ovesen stands in the same shoes as Parrot. Like Parrot,
when Ovesen was convicted, the Superior Court did not have
jurisdiction over the local crimes brought against him.
Consequently, the District Court had to be sitting as a local
court of original and sole jurisdiction over those matters.
However, after the 1991 shift in judicial review, the Superior

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.: 2006-0120
Memorandum Opinion
Page 11

Court stood and continues to stand as the successor court which exercises original jurisdiction over the class of petitions that Ovesen presents in this appeal.

### A. **The Superior Court's jurisdiction over territorial habeas petitions challenging both federal and territorial convictions.**

The Government argues that Ovesen's case is distinct from the *Parrot-Walker-Callwood* line of cases because Ovesen was convicted of both territorial and federal crimes. (Appellee's Brief at 13-14.) The Government posits that the Superior Court is not the District Court's successor in this case, because the District Court heard this matter under its still-existing concurrent, original, federal jurisdiction; and as such, the Superior Court has no jurisdiction over Ovesen's subsequent habeas petition.[8] We find this argument unavailing for two reasons.

First, Ovesen's habeas petition is civil in nature. The District Court's concurrent jurisdiction is only applicable to criminal matters. As we have discussed, *supra*, the progeny of cases following the enactment of 4 V.I.C. § 76 all firmly

---

[8] The District Court shares concurrent jurisdiction with the Superior Court over a specific class of criminal cases. 48 U.S.C. § 1612(b),(c)(the District Court has jurisdiction over criminal cases that are related to federal offenses); *see also* V.I. Code Ann. tit. 4, § 76(b)(1) & (c)(same); *United States v. Dorsett*, 162 Fed. Appx. 192, 193 (3d Cir. 2006)(same).

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.: 2006-0120
Memorandum Opinion
Page 12

establish that the Superior Court maintains original, exclusive
jurisdiction over all post-1991 <u>civil</u> claims pressed under
territorial law. *Walker*, 230 F.3d at 87; *Parrot*, 230 F.3d at
621; *Callwood*, 230 F.3d at 632. Ovesen's territorial petition
neither triggered diversity review, nor was filed under federal
law. Hence, where the civil petition itself is concerned,
concurrent jurisdiction is inapplicable and the Superior Court
stands squarely as the District Court's successor court.

Second, Ovesen chose to file his petition under local law.
When a petitioner elects to file a habeas petition under local
law, courts following the *Parrot-Walker-Callwood* trilogy have
concluded that the Superior Court has exclusive jurisdiction
over the petition. *See, e.g., Moreno v. Gov't of the V.I.*, 2010
U.S. Dist. LEXIS 18558 (D.V.I. Mar. 2, 2010). This is also the
case where the underlying criminal conviction was for both
local and federal offenses. *Id.*

Long-standing Third Circuit jurisprudence serves as our
touchstone. Shortly after the *Parrot-Walker-Callwood* trilogy
issued, the Third Circuit decided *George v. Sivey. See* 254 F.3d
438 (3d Cir. 2001). In *George,* the habeas petitioner was
charged, convicted and sentenced in the 1990's, by the U.S.
District Court of the Virgin Islands, sitting as a local court.
*Id.* All of the charges against George were based on territorial

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.: 2006-0120
Memorandum Opinion
Page 13

law.  Yet, George chose to file a habeas petition under federal

law, pursuant to 18 U.S.C. § 2255. Interpreting *Parrot,* the

Third Circuit held that,

> We see nothing in Parrott that suggests that the
> District Court lacked jurisdiction to entertain
> George's § 2255 motion. **Under *Parrott*, George could
> have elected to attack his conviction by filing a
> habeas petition in the Territorial Court**, but it does
> not follow that George was not also entitled to
> proceed, **if he wished**, by filing a § 2255 motion in
> the court of conviction, i.e., the District Court.

*Id.* at 442. (emphasis added).

The Third Circuit's opinion in *George* explicitly endorsed

the proposition that, as master of his pleading, a habeas

petitioner in the Virgin Islands, convicted of local crimes

when the District Court sat as a local court, may elect to

attack his conviction by either filing a habeas petition under

14 V.I.C. §§ 1301-1303 *et. seq,* (the local habeas statute)  or

under 18 U.S.C. § 2255 (the federal habeas statute). Where the

petitioner chooses to file a petition under the local statute,

the Superior Court has exclusive jurisdiction. *Id.*

Recent jurisprudence has followed the Third Circuit's

clear guidance in this regard. In *Moreno v. Gov't of the Virgin

Islands*, the petitioner was convicted in the District Court of

first degree murder and third degree assault in violation of

local law, V.I. Code Ann. tit. 14, § 922(a)(1) and (297)(2),

and receipt of a firearm by an indicted person under federal law in violation of 18 U.S.C. § 922(n). *Moreno*, 2010 U.S. Dist. LEXIS 18558. Ruben Moreno, like the instant petitioner, was convicted and sentenced when the District Court sat as a local court. *Moreno*, like Ovesen filed a petition for writ of habeas corpus under territorial law (5 V.I.C. § 1301). *Id.*

However, unlike Ovesen, Moreno attempted to press his territorial habeas claim in federal court. The federal District Court sitting in its trial capacity, dismissed the petition and held that the Superior Court alone held original jurisdiction over habeas petitions filed under local law, despite the fact that Moreno was convicted in federal court of both federal and territorial offenses. *Id.* at *2 (citing *Parrot*, 230 F.3d at 624; *Callwood*, 230 F.3d 627; and *Walker*, 230 F.3d 82) ("the correct forum for a [Section 1301] petition is the Superior Court of the Virgin Islands")).

Ovesen, like Parrot *and* Moreno, elected to file his challenge under the local habeas statute and press his challenge with the Superior Court. Thus, as the courts decided in *Parrot* and *Moreno*, this matter falls squarely within the Superior Court's exclusive jurisdiction.[9] We accordingly

---

[9] *See Parrot*, 230 F.3d at 621; *Moreno*, 2010 U.S. Dist. LEXIS 18558, at *2; *see also Callwood*, 230 F.3d 627 (the District

*Harold Ovesen v. People of the Virgin Islands*
D.C. Civ. App. No.:  2006-0120
Memorandum Opinion
Page 15

reverse the Superior Court order dismissing this matter, and remand with instructions that the Superior Court exercise its original jurisdiction under 4 V.I.C. § 76, over Ovesen's territorial petition for writ of habeas corpus.

## V. CONCLUSION

For the reasons cited above, we reverse the Superior Court's jurisdictional decision and remand for further consideration. An order consistent with this opinion shall follow.

---

Court of the Virgin Islands does not have jurisdiction over habeas petitions filed under territorial law after October 1, 1991); *Gov't of the V.I. v. Harmon*, 289 F. Supp. 2d 685, 688 (D.V.I. 2003)(same).